*1048 OPINION OF THE COURT
John R LaCava, J.
Petitioner condemnor County of Rockland previously brought the instant petition to acquire by eminent domain certain real property known as and located at 99 New Hempstead Road, Clarkstown, Rockland County, New York, otherwise denominated on the Tax Map of the County of Rockland as section 43.14, block 2, lot 66 (43.14-2-66). Said property was owned, as set forth below, by respondents the Luccas.
The County alleged that said acquisition was necessitated by the need to clear, reconstruct, redevelop, and repair road access in the area surrounding and including the subject property.
Petitioner duly published a notice of hearing, and mailed same to respondents. Hearings were held on the issue of the proposed acquisition at the office of the County Legislature, County of Rockland, and testimony related thereto was taken. Subsequently, the County adopted a Determination and Findings supporting the acquisition, and published same on April 26 and 27, 2007. In particular, condemnor noted that a search of the land records for the subject property had disclosed the existence of two apparently unsatisfied mortgages thereon, and consequently sought the deposit of any advance payment funds to the County Clerk pending resolution of the competing interests in the subject premises.
Respondents opposed the proposed taking on various procedural and substantive grounds; however, pursuant to statute, this court has no jurisdiction to hear matters relating to the Determination and Findings supporting a taking, such jurisdiction being lodged solely in the Appellate Division within which the property lies (here, the Second Department) (see EDPL 207 [A]-[C]). Respondents also opposed the proposed deposit to the County Clerk, although they failed to demonstrate that the alleged mortgages were not currently unsatisfied.
In a decision and order dated February 2, 2010, the court stated:
“ORDERED, that the petitioner’s petition to acquire by eminent domain certain real property known as and located at 99 New Hempstead Road, Clarkstown, Rockland County, New York, otherwise denominated on the Tax Map of the County of Rock-land as Section 43.14, Block 2, Lot 66 (43.14-2-66) is granted.
*1049 “Settle Order.”
Subsequently, the court entered an order proposed by condemnor authorizing the acquisition and, inter alia, permitting the deposit of the funds to the County Clerk pending the resolution of the allegedly outstanding mortgages. Respondents now move to reargue, asserting that the enactment of the EDPL repealed chapter 1161 of the Laws of 1971, upon which condemnor relied in seeking deposit of the funds; that the apparent existence of the currently unsatisfied mortgages does not justify such deposit; and in any event, that the alternate ground offered by condemnor for the deposit, section 301 of the Uniform Relocation Assistance and Real Property Acquisitions Policies Act of 1970 (Pub L 91-646, 84 US Stat 1894, 1904, as amended, codified at 42 USC § 4651) is inapplicable.
Condemnees argue that the enactment of the EDPL (L 1977, ch 839) was intended to be the sole mechanism for eminent domain actions in the state, and that the accompanying repealer statute (L 1977, ch 840) was intended to supplant all previous statutes relating to condemnation procedures. Condemnees are arguably correct, based on the language of EDPL 101 that the law is to provide “the exclusive procedure” for such acquisitions, or of section 705 that the EDPL “shall be controlling.” In fact, while chapter 840 specifies many other statutes that were to be repealed by chapter 839, notably, chapter 1161 of the Laws of 1971 (relied upon by condemnor as authority for the deposit of advance funds with the County Clerk) was not specifically named among those statutes to be repealed.
However, even if the latter statute was implicitly repealed by the language of EDPL 101 and 705, EDPL 304 (D) clearly provides that a deposit of advance payment funds shall be made to the clerk of the court where “a conflict arises over the percentage of the condemnation award which should be paid to each of several owners of interests in the condemned property.” Here, the apparently uncontested existence of at least two unsatisfied mortgages, as well as the Luccas’ own interest, means perforce that a conflict has arisen with respect to the percentage which should be paid to the several holders of interests in the subject property. Consequently, any advance payment must be made to the County Clerk pending resolution of the competing interests.
In any event, as condemnor properly points out, the instant acquisition, as financed by federal highway appropriations, is governed largely by the provisions of 42 USC § 4601 et seq.; sec *1050 tion 4651 (4) specifically provides for the deposit of advance funds “with the court,” which is precisely what the court directed in the February 2, 2010 decision and order.
Based upon the foregoing, it is hereby ordered, that the motion for reargument of the court’s February 2, 2010 decision and order, by condemnees Donald A. Lucca and Kristy Faicco-Lucca, is hereby denied.